UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARMEN ACOSTA,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1609** |
| **RESIDENCE INN BY MARRIOTT, L.L.C., ET AL.,**<br>    Defendants | **SECTION: "E" (3)** |

## ORDER

Before the Court is a Motion to Dismiss filed by Residence Inn by Marriott, L.L.C. ("Marriott").[1] According to the state-court petition,[2] on July 4, 2013, Plaintiff Carmen Acosta and Ants Farrell ("Farrell") informed the desk clerk at a Residence Inn by Marriott, L.L.C. ("Marriott") that they intended to ignite fireworks on the hotel roof. Neither the desk clerk nor any other Marriott employee attempted to stop them. Plaintiff and Farrell accessed the hotel roof through an unlocked door. There were no warning or "Do Not Enter" signs. Once on the roof, Farrell ignited a firework in Plaintiff's hands without her knowledge or permission. Plaintiff was unable to discard the firework before it erupted, allegedly sustaining personal injury. Plaintiff filed suit against, *inter alia*, Marriott.

Marriott responded with a motion to dismiss. Marriott argues it owes no legal duty to Plaintiff and, even if it did, any breach of that duty did not cause Plaintiff's injuries. Marriott also argues Plaintiff fails to state a claim for defective premises.

Plaintiff has opposed the motion to dismiss.[3] The opposition memorandum contains several factual allegations conspicuously absent from the original petition, to wit: (1) Plaintiff was attending a roof-top party with other members of a movie

---

[1] R. Doc. 3.
[2] R. Doc. 1-2.
[3] R. Doc. 5.

production team when she was injured; (2) the roof-top party occurred without any Marriott supervision; (3) Marriott was aware the party was taking place; (4) Marriott guests were encouraged to celebrate and light fireworks on the Marriott roof; (5) Marriott was aware the production team had numerous roof-top parties involving alcohol over the previous month; and (6) Plaintiff and the production team had unfettered and unsupervised access to the Marriott roof.

The Court construes the new allegations in Plaintiff's opposition memorandum as a motion to file an amended complaint.[4]  Rule 15(a) "requires the trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend."[5]  A district court must possess a "substantial reason" to deny a motion under Rule 15(a).[6]

No such reason exists in this case.  There is no scheduling order, and the record does not reflect that any discovery has taken place.  Moreover, even if Marriott's motion were granted, the Court would allow Acosta to amend her complaint.  Whether a legal duty exists under the allegations in the opposition memorandum is a markedly differently question from whether a legal duty exists under the allegations of the state-court petition.  Allowing Plaintiff to amend her complaint now will facilitate a faster resolution of the issue of whether a legal duty exists.

---

[4] *See Morin v. Moore*, 309 F.3d 316, 323 (5th Cir. 2002) ("This Court has held, that in the interest of justice a revised theory of the case set forth in the plaintiff's opposition should be construed as a motion to amend the pleadings filed out of time and granted by the district court pursuant to the permissive command of Rule 15.") (citing *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)); *Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (citing with approval cases in which the district court construed new allegations in opposition memorandum as motion to amend under Rule 15(a)).

[5] *Lyn-Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (internal quotation marks omitted).

[6] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004).  In deciding whether to grant leave under Rule 15(a), courts may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment."  *Jones v. Robinson Prop. Grp.*, LP, 427 F.3d 987, 994 (5th Cir. 2005).

Accordingly;

**IT IS ORDERED** that Marriott's Motion to Dismiss is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff file an amended complaint by March 23, 2015.  Plaintiff may include any factual allegations substantiating her claims against Marriott or any of the other defendants.

**New Orleans, Louisiana, this 16th day of March, 2015.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**