UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CARMEN ACOSTA,**<br>       **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1609** |
| **RESIDENCE INN BY MARRIOTT,**<br>**L.L.C., ET AL.,**<br>       **Defendants** | **SECTION: "E" (3)** |

### ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Defendant, Residence Inn by Marriott, LLC.[1] Plaintiff Carmen Acosta has not filed an opposition to the motion. Accordingly, the Court considers the Defendant's statement of uncontested facts to be admitted pursuant to Local Rule 56.2. Although the dispositive motion is unopposed, summary judgment is not automatic, and the Court must determine whether the Plaintiff has shown an entitlement to judgment as a matter of law.[2]

This matter arises from an incident in which the Plaintiff, Carmen Acosta, gained access to the roof of the Residence Inn by Marriott ("Residence Inn"), a hotel located in New Orleans, and began to ignite fireworks with another individual, Antony Farrell.[3] Plaintiff alleges that, while on the roof, Farrell ignited a firework that she was holding, and the firework exploded in her hand.[4] Plaintiff argues she sustained "serious bodily injury" as a result of the explosion, including "a broken pinky, a fractured wrist, fractured fingers, [and] massive lacerations of her hands."[5] Plaintiff sued, among others,[6] the Residence Inn, arguing that the hotel and its owners were negligent for, *inter alia*, (1)

---

[1] R. Doc. 47.
[2] *See, e.g., Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006); FED. R. CIV. P. 56(a).
[3] *See* R. Doc. 47-2 at 1; R. Doc. 47-1 at 1–2.
[4] R. Doc. 47-2 at 1; R. Doc. 47-1 at 2; R. Doc. 1-2 at 4.
[5] R. Doc. 1-2 at 4.
[6] The Residence Inn by Marriott is the only remaining defendant. The others have been dismissed.

allowing the Plaintiff to access the roof, (2) failing to keep the rooftop door locked, (3) failing to post signs prohibiting access to the roof, and (4) failing to have adequate security personnel.[7]

On April 22, 2016, the Residence Inn filed the instant motion for summary judgment.[8] The Residence Inn argues that, even if it was negligent in allowing the Plaintiff to access the hotel's roof, "such negligence did not cause [Plaintiff's] injuries."[9] Because the Plaintiff cannot establish causation, a necessary element of her negligence claim, the Residence Inn contends it should be granted summary judgment and the Plaintiff's claims against it dismissed. The Court agrees. To establish causation, the Plaintiff must show that, absent any negligence of the Residence Inn, she would not have sustained her injuries.[10] Stated differently, causation exists only if the Plaintiff's injuries would not have occurred "but for" the Residence Inn's alleged negligence in allowing the Plaintiff to access the roof. In its statement of uncontested facts, the Residence Inn states that: "While [Plaintiff] was on the hotel's roof, she was injured when her companion, Ants Farrell ("Farrell"), without her knowledge or permission, ignited a firework she was holding, which firework exploded as she attempted to place it on the ground. Residence Inn neither knew nor should have known that [Plaintiff] was holding the firework or that Farrell intended to ignite it without [Plaintiff's] knowledge or permission."[11] It is clear, based on the record before the Court, that the Residence Inn's alleged negligence was not the "but for" cause of the Plaintiff's injuries.

---

[7] R. Doc. 1-2 at 6–7.
[8] R. Doc. 47.
[9] R. Doc. 47-2 at 7.
[10] *See, e.g., Totson v. Pardon*, 03-1747, p. 10 (La. 4/23/04), 874 So. 2d 791, 799.
[11] R. Doc. 47-1 at 2.

Based on this record, in which the Plaintiff has not opposed the Residence Inn's motion for summary judgment, the Court concludes that there is no genuine issue of material fact with respect to the causation element of Plaintiff's negligence claim. Plaintiff has failed to show that, absent the alleged negligence of the Residence Inn, she would not have been injured.

Accordingly;

**IT IS ORDERED** that the motion for summary judgment filed by the Defendant, Residence Inn by Marriott, is **GRANTED**,[12] and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**New Orleans, Louisiana, this 27th day of May, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[12] R. Doc. 47.